UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANDREW K. HUBBEL, also known as DMAD,

Plaintiff,

v.

GLOBAL MUSIC DISTRIBUTION LLC, et al.,

Defendants.

Case No. 24-2025-TC-BGS

## NOTICE AND ORDER TO SHOW CAUSE

The Plaintiff in the case is Andrew K. Hubbel, a music artist who is publicly known as DMAD. Doc. 1-1, at 2. Plaintiff originally filed his state court petition in Johnson County District Court. Doc. 1-1. On January 17, 2024, Defendant chordCash Limited, with the consent of Defendants Key Royalty Partners, LLC and Alexander Ammons, removed this case to federal court.[1] Doc. 1. Defendants chordCash Limited, Key Royalty Partners, LLC and Alexander Ammons have since been dismissed from this case. Docs. 10, 11. The remaining Defendants are: Global Music Distribution LLC, Luxury Group LLC, Radioactive Records, Kai Tyler, and James Bentley. Those Defendants have not yet been served.

Plaintiff appears to have attempted discovery by serving a business records subpoena upon the records custodian of Vital Music Distribution—a non-party to this lawsuit. *See* Docs. 12, 13. Other than the notice of intent to issue subpoenas, which the Court will address later in this order, no other action has been taken to prosecute the case or serve the Defendants.

---

[1] At that time, chordCash Limited, Key Royalty Partners, LLC and Alexander Ammons, were the only to Defendants to have entered their appearances.

Federal Rule of Civil Procedure 4(m) governs the time limit for service.  Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  When a case is removed to federal court, the service period commences upon the date of removal.  *Cardenas v. City of Chicago*, 646 F.3d 1001, 1004 (7th Cir. 2011).  *See Forzani v. Peppy Prod.*, No. 18-cv-01715-RM-KLM, 2018 WL 5845051, at *2 (D. Colo. Nov. 8, 2018) (stating that if service is not perfected prior to removal, then the plaintiff has 90 days to perfect service); *see also* Time Limit for Service, 4B Fed. Prac. & Proc. Civ. § 1137 (4th ed.) (database updated April 2023) ("In removed cases, the <u>Rule 4 (m)</u> time period starts to run upon removal to the federal district court, not the date the action was originated in state court as was true under former Rule 4(f)").  In addition to Rule 4(m), Fed. R. Civ. P. 41(b) provides that the court may dismiss an action for failure to prosecute.

Here, Plaintiff has not timely effectuated service of process on Defendants Global Music Distribution LLC, Luxury Group LLC, Radioactive Records, Kai Tyler, and James Bentley.  This case was removed to federal court on January 17, 2024.  Therefore, Plaintiff needed to effectuate service by April 16, 2024.  Accordingly, the 90-day service period has passed.

Further, Plaintiff has been attempting non-party discovery by filing a notice of intent to serve a business records subpoena on Vital Music Distribution.  Discovery has not yet been authorized in this case.  Rule 26(d)(1) provides:

> A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

The Court has not ordered that a Rule 26(f) conference take place and has received no notice that discovery should otherwise be authorized.

Accordingly, the Court orders Plaintiff to show cause in writing by **May 24, 2024,** why the undersigned Magistrate Judge should not quash the notice of intent to issue subpoenas.  Docs. 12, 13.  Plaintiff is further ordered to show cause by **May 24, 2024,** why the undersigned Magistrate Judge should not recommend that his claims be dismissed pursuant to Rule 4(m) and/or Rule 41(b).

**IT IS SO ORDERED**.

Dated April 26, 2024, at Wichita, Kansas.

/s/ Brooks G. Severson
Brooks G. Severson
United States Magistrate Judge